relationship with Bell takes on a different significance. Mining cable was part of a contract which Bell had with Western Electric, Wilson's employer, and was not a part of the construction contract with Jobst. Bell assumed liability in its settlement with Wilson. We find no material issues of fact and believe Jobst is entitled to judgment as a matter of law. The facts as presented show no basis whereby Jobst has a duty to indemnify Bell. There was no error in granting summary judgment on the counterclaim in favor of Jobst.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.

THE CITY OF JOLIET, Plaintiff-Appellant, v. NICHOLAS MARCOS, Defendant-Appellee.

(No. 73-236; )

Third District—April 23, 1974.

Opinion by Mr. JUSTICE STOUDER.

James M. P. D'Amico, Corporation Counsel, of Joliet, for appellant.

Horwitz, Anesi, Ozman & Associates, Ltd., of Chicago, for appellee.